UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAURICE FORT-GREER,

    Plaintiff,

  v.                                            Case No. 05-C-827

GEORGE DALEY, et al.,

    Defendants.

**ORDER**

Plaintiff filed this action on August 4, 2005, alleging deliberate indifference against two state prison physicians, Dr. George Daley (now deceased) and Dr. Roman Kaplan, arising out of their treatment (or failure to treat) the plaintiff's deviated septum. He alleges that in 1998 and 1999 defendant Daley "intervened and prevented pltf. from receiving surgery despite his knowledge of pltf. conditions and suffering." (Compl. at 3.) In 2000, after being transferred, his treatment was discontinued by Dr. Kaplan, despite Kaplan's knowledge of the plaintiff's suffering. Plaintiff alleges that in 2004 he finally had the surgery he felt he needed all along and that now his pain and suffering have been eliminated. He alleges that this evidences the fact that Kaplan's and Daley's preventing him from receiving the surgery was a substantial departure from acceptable professional judgment, which establishes their deliberate indifference to his serious medical needs. (Compl. at 6.)

In moving for summary judgment, the defendants note that the plaintiff made seemingly identical allegations in a complaint filed in 2001 in the Western District of Wisconsin. In that case,

01-C-586, District Judge Barbara Crabb screened the complaint under 28 U.S.C. § 1915(e) and dismissed it for its failure to state a claim for deliberate indifference. In her dismissal order, Judge Crabb discussed the plaintiff's claim that Drs. Daley and Kaplan had been deliberately indifferent in their treatment of the plaintiff's deviated septum. The judge considered Daley's denial of surgery requests and also noted Kaplan's view that no further treatment was necessary at the time. She concluded that the evidence showed (as set forth in the complaint) that although four doctors had sought surgery for the plaintiff, at least two doctors (Kaplan and Daley) denied the surgery as medically unnecessary. (Sullivan Aff., Ex. B at 7-8.) Thus, the plaintiff's claim amounted to no more than a disagreement about the course of his treatment–at best, a claim for negligence–rather than a claim for deliberate indifference, a much higher standard.

It is evident from plaintiff's complaint in this case and his summary judgment brief that he is lodging the exact same complaint in this court that Judge Crabb dismissed more than four years ago. The allegation remains the same, namely, that Drs. Kaplan and Daley interfered with or prevented the plaintiff from receiving treatment and/or surgery for his deviated septum. These claims, Judge Crabb found, failed to state a claim for which relief can be granted. The case was closed, judgment was entered, and the plaintiff was issued a "strike" under 28 U.S.C. § 1915(g), meaning that the case was effectively dismissed with prejudice. The only conceivable motivation for the filing of a new lawsuit is the fact that the plaintiff has since received corrective surgery, but that does not alter the original claims of deliberate indifference dating back to 2000. The plaintiff's proper course of action would have been to appeal the judgment of dismissal entered by Judge Crabb, not to file a new action based on the same facts in a different district four years later. To hold otherwise would reward forum- and judge-shopping, and would circumvent the appellate

2

system; the complaint must therefore be dismissed. *See Cieszkowska v. Gray Line New York,* 295 F.3d 204, 206 (2d Cir. 2002); *Allen v. McCurry,* 449 U.S. 90, 94 (1980).

An unpublished decision of the Sixth Circuit squarely addresses the issue:

> Smith's immediate complaint is his second complaint in which he claimed that he was subjected to ETS [environmental tobacco smoke]. On January 14, 2002, Smith asserted claims against defendants Morgan, Byorth, Marquis, Kerschner, Yoder, and Thew for exposure to ETS. The district court examined the merits of Smith's complaint and dismissed the action on April 23, 2002, pursuant to 28 U.S.C. § 1915(e). Smith did not appeal. Instead, Smith filed the immediate complaint against these same defendants and the current warden of the institution (Gordon Lane), raising the same claims based upon the same facts and circumstances as the case previously dismissed by the district court. In both actions, Smith proceeded in forma pauperis. The dismissal of Smith's prior lawsuit under § 1915(e) constitutes an adjudication on the merits for purposes of res judicata. In both actions, Smith asserted claims arising from his stay in the institution's "C/D" unit for approximately three months. Thus, because the instant action simply reasserted the same claims and causes of action against the defendants arising out of the same facts as asserted in the prior suit, it is barred by res judicata.

*Smith v. Morgan,* 75 Fed. Appx. 505, 507, 2003 WL 22177221, **2 (6th Cir. 2003) (citations omitted).

Because the plaintiff's current complaint addresses the exact same issues he raised in his earlier action, the case cannot proceed. This conclusion renders moot all of the other motions the plaintiff has filed in this case.

THEREFORE, IT IS ORDERED that the defendant's motion for summary judgment is GRANTED, and the case is DISMISSED with prejudice.

Dated this ___12th___ day of July, 2006.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge